UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Kendrick Pearson,

    Plaintiff,

v.                                    10-3082

Judge Flood,

    Defendants.

### Case Management Order (Merit Review)

The plaintiff is currently incarcerated in Stateville Correctional Center. He has filed a letter in which he appears to seek an order directing the state court judge to rule on his post-conviction petition.

The court is required by 28 U.S.C. §1915A to conduct a merit review of the plaintiff's action, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ." A merit review hearing was scheduled to aid the court in this review, but will be cancelled as unnecessary.

The merit review standard is the same as the motion to dismiss standard. To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). The plaintiff's allegations are taken as true at this stage.

On September 25, 2009, the plaintiff was sentenced to eight years for possessing a controlled substance with the intent to deliver. He filed, pro se, a timely motion for reduction of sentence and a post-conviction petition. As of March 5, 2010, the state court judge (Judge Flood) refused to rule on the motions, instead stating that he would rule in 90 days. The plaintiff is still waiting for a ruling, even though an Illinois Supreme Court Rule requires a hearing be set if a ruling does not issue on a post conviction petition within 90 days of filing.

The plaintiff also alleges that a different judge, Judge Hooks, "found no probable cause

and dismissed this same charge." The court does not understand this, since the plaintiff alleges that he was sentenced to eight years on the charge. He also asserts that he has been maliciously prosecuted and his sentence is too long for such a minute amount of drug possession.

To the extent the plaintiff is challenging his conviction and sentence, he cannot do so in this court. He must pursue all these challenges in the state court system, making his challenges at each step and utilizing all avenues of appeal. A federal habeas corpus action cannot be pursued unless the plaintiff has exhausted all his state remedies.

To the extent the plaintiff seeks a mandamus ordering the state court to rule on his petition, that action also belongs in state court. Additionally, there is no federal claim for malicious prosecution because the state already provides such a claim. *See Wiley v. City of Chicago*, 361 F.3d 994 (7th Cir. 2004). That does not mean the plaintiff has a meritorious state malicious prosecution claim—to state such a claim the criminal prosecution must have ended in the plaintiff's favor. *See Swick v. Liautaud*, 169 Ill.2d 504, 512, 215 Ill.Dec. 98, 662 N.E.2d 1238, 1242 (1996).

IT IS THEREFORE ORDERED:

1) The plaintiff's petitions for leave to proceed in forma pauperis are denied (d/e's 2, 3). This case is dismissed pursuant to the court's merit review under 28 U.S.C. Section 1915A. The plaintiff's challenges belong in state court. The plaintiff's motion for appointment of counsel (d/e 2) is denied as moot.

2) The clerk is directed to enter the standard text order assessing the filing fee in installments, after receiving the trust fund ledgers.

3) If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues the plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 30th Day of <u>April</u>, 2010.

\s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE